UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R‌AMEL L‌EVERTIS H‌OWARD,

    Petitioner,

v.

U‌NITED S‌TATES OF A‌MERICA,

    Respondent.

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾/

Criminal Case No. 16-cr-20222-2

S‌ENIOR U.S. D‌ISTRICT J‌UDGE
A‌RTHUR J. T‌ARNOW

U.S. M‌AGISTRATE J‌UDGE
R. S‌TEVEN W‌HALEN

**O‌RDER G‌RANTING P‌ETITIONER'S M‌OTION FOR C‌OMPASSIONATE R‌ELEASE [386]**

On April 10, 2020, Ramel Howard filed a Petition [386] with this Court asking for his release, to protect him from contracting and falling severely ill from COVID-19. (ECF No. 386). On April 15, 2020, the parties filed concurrent responsive briefs. (ECF No. 390, 393). On April 17, 2020, the parties filed concurrent reply briefs. (ECF No. 394, 395). On April 24, 2020, the Court filed an Order issuing a Judicial Recommendation for Home Confinement. (ECF No. 396). On April 30, 2020, the Bureau of Prisons ("BOP") declined to transfer Howard to home confinement. (ECF No. 397). Howard now renews his request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), in light of the BOP's denial of home confinement (ECF No. 398). The Court held oral argument on the motion on May 21, 2020. For the

reasons stated below and on the record, the Court **GRANTS** Howard's Motion for Compassionate Release [386].

## FACTUAL BACKGROUND

On June 4, 2018, the Court sentenced Ramel Howard to 60 months (5 years) in the custody of the BOP, for his violations of 21 U.S.C. § 846, 841(a)(1), conspiracy to possess and distribute heroin and 18 U.S.C. § 846 conspiracy to launder money. (ECF No. 360, PageID. 2017-18). Howard is incarcerated at Federal Correctional Institution Morgantown in West Virginia. He sent request to his warden for compassionate release on March 30, 2020. (ECF No. 398-1). It was denied on April 27, 2020 because, he did not present extraordinary or compelling circumstances for release or propose release plans. (*Id.*).

## ANALYSIS

The compassionate release statute states the following in relevant part.

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>   **(i)**   extraordinary and compelling reasons warrant such a reduction.

18 U.S.C.A. § 3582.

There is no dispute that Howard has exhausted his administrative remedies. The Court thus has three questions to answer: first, whether extraordinary and compelling reasons warrant a reduction in sentence, second, whether Defendant poses a danger to the community, and third, whether a sentence reduction is consistent with the § 3553(a) factors. *United States v. Amarrah*, No. 17-20464, 2020 WL 2220008, at *4 (E.D. Mich. May 7, 2020).

1. Extraordinary and Compelling Reasons for Release

In order to determine if extraordinary and compelling reasons exist to release Howard, the Court must determine if a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement recites the following:

> **1. Extraordinary and Compelling Reasons.--**Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> **(A) Medical Condition of the Defendant.--**
> **(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> **(ii)** The defendant is--
> > **(I)** suffering from a serious physical or medical condition,
> > **(II)** suffering from a serious functional or cognitive impairment, or

>> **(III)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or he is not expected to recover
> [. . .]
>
> **(D) Other Reasons.--**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13

Here, Howard has presented "Other Reasons" in combination with his serious medical conditions, to warrant compassionate release. While the COVID-19 pandemic is devastating in every region it invades, prison populations are subject to heightened vulnerability. *See, e.g.*, Danielle Ivory, *"We Are Not a Hospital": A Prison Braces for the Coronavirus*, N.Y. TIMES (March 17, 2020), https://www.nytimes.com/2020/03/17/us/coronavirus-prisons-jails.html (citing densely populated living conditions, shortage of masks, soap, and hand sanitizer, and the inability to routinely disinfect surfaces and maintain safe distances between inmates and guards as reasons prisoners are at increased risk of infection); *See, e.g.*, Courtney Bublé, *Federal Prisons Pose 'Imminent Danger' in Spreading COVID-19, Union Says*, GOVERNMENT EXECUTIVE (April 6, 2020), https://www.govexec.com/oversight/2020/04/federal-prisons-pose-imminent-danger-spreading-covid-19-union-says/164390/ (detailing a prison workers' union

complaint to OSHA complaining of "imminent danger" due to the BOP's failure to follow national safety guidelines).

Furthermore, the persuasive precedent for granting compassionate release under the current circumstances is overwhelming. *United States v Andre Williams*, Case No. 04-cr-95/MCR, at *7 (N.D. Fla. April 1, 2020) ("[A]n outbreak of COVID-19 in Williams' facility would likely have fatal consequences for him. Based on these facts, the Court finds that Williams' deterioration in physical health is sufficiently serious to satisfy the medical criteria for a reduction in sentence."); *United States v. Teresa Ann Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *3 (E.D. Wash. Mar. 31, 2020) ("Defendant is the most susceptible to the devastating effects of COVID-19. He is in the most susceptible age category (over 60 years of age) and him COPD and emphysema make him particularly vulnerable. 18 U.S.C. § 3582(c)(1)(A)(i) compassionate release granted."); *United States v. Campagna*, No. 16 Cr. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020) ("Defendant's compromised immune system, taken in concert with the COVID-19 public health crisis, constitutes an extraordinary and compelling reason to modify to Defendant's sentence on the grounds that he is suffering from a serious medical condition that substantially diminishes his ability to provide self-care within the environment of the RCC."); *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325 (S.D. Tex. Mar. 30, 2020), at *2 ("Because Defendant is

at high-risk for severe illness from COVID-19 and because inmates in detention facilities are particularly vulnerable to infection, the Court finds that Defendant has demonstrated an extraordinary and compelling reason for compassionate release.").

Howard argues that his underlying conditions warrant similar treatment. Howard's medical problems were even an issue just prior to his incarceration; his self-surrender date was twice extended, because he was receiving extensive medical care. (ECF No. 365, 367). He now seeks release due to three medical conditions: hypertension, diabetes, and asthma. (ECF No. 393-8). First, The CDC states that people with hypertension are vulnerable because, a respiratory illness from COVID-19 could "make it harder for [a person's] heart to work, [which] can lead to a worsening of COVID-19 symptoms." *Groups at Higher Risk for Severe Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-highim-risk.html (last visited May 22, 2020).

Second, Howard suffers from diabetes. The CDC states that people with diabetes, of any kind, are vulnerable because, diabetes-related health problems "can make it harder to overcome COVID-19." *Groups at Higher Risk for Severe Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-highim-risk.html (last visited May 22, 2020).

Third, Howard suffers from asthma. The CDC states that COVID-19 can cause an asthma attack that can lead to pneumonia and serious illness. *Groups at Higher Risk for Severe Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-highim-risk.html (last visited May 22, 2020).

In opposition, the Government argues that these conditions are not severe enough because, Howard has primary hypertension, rather than pulmonary hypertension, and his diabetes and asthma are well managed. The Government's arguments about medical minutiae, while noted by the Court, are dismissed as unpersuasive. Even if, assuming arguendo, Howard's conditions do not independently and perfectly fit the definition of severity, as outlined by the CDC, his conditions still exacerbate each other, placing him in a much more vulnerable position than a healthy person, if he were to get COVID-19. *See* Wei-jie Guan et al., *Comorbidity and its impact on 1590 patients with COVID-19 in China: a nationwide analysis,* 55 EUROPEAN RESPIRATORY J. (2020) ("Among laboratory confirmed cases of COVID-19, patients with any comorbidity yielded poorer clinical outcomes than those without. A greater number of comorbidities also correlated with poorer clinical outcomes . . . (8.2%) patients reported having two or more comorbidities." The most common comorbidity was hypertension, followed by diabetes.). Therefore,

extraordinary and compelling reasons exist for Howard's immediate compassionate release.

2. <u>Danger to the Community</u>

Federal Sentencing Guideline 1B1.13 provides for compassionate release only when "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The Court finds that Howard's conduct in prison indicates that he presents a low risk of recidivism. Howard's prison disciplinary history has been spotless, so much so that the BOP transferred him from a low security prison to a minimum-security prison. (ECF No. 393-2, PageID. 2741-42). Howard has also demonstrated his desire and ability to distance himself from crime by completing several courses, including drug education and job skills classes, while in prison. (*Id.*). In fact, he is currently participating in a Residential Drug Abuse Program which will earn him an early release date of January 9, 2022. (ECF No. 393-2, PageID. 2742; ECF No. 393-3, PageID. 2745). Howard has also maintained strong ties to his family while in prison. Ann Timmons, Howard's longtime girlfriend, tells the Court that Howard has continuously stayed in contact with their two children through emails, letters, and phone calls, which have positively impacted their lives. (ECF No. 393-4, PageID. 2747). Howard also claims that he will reside with his mother upon release. (ECF No. 386). Considering the

willingness of his family to take him in and support his reentry, the Court sees no reason why the remainder of his term cannot be served at home.

3. Section 3553(a) Factors

A district court contemplating a motion for compassionate release must consider the § 3553(a) sentencing factors. Those are as follows:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence and the sentencing range established for--
> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

18 U.S.C.A. § 3553.

The Court's consideration of these factors is explicated both in this opinion's analysis of U.S.S.G. 1B1.13 and on the record of the May 21, 2020 hearing. Howard's crimes are serious, but the quality of his time in prison has shown that he has the educational and correctional tools to live a life apart from crime. Finally, the potential danger of Howard's medical condition outweighs any marginal benefit he

would receive from finishing his remaining three years in prison. A sentence reduction to time-served is therefore in line with the § 3553(a) factors.

## CONCLUSION

**IT IS ORDERED** that Petitioner's Motion for Compassion Release [386] is **GRANTED**.

**IT IS FURTHER ORDERED** that because the BOP does not offer a meaningful quarantine, Howard is to be **IMMEDIATELY RELEASED** to begin his 4-year term of **SUPERVISED RELEASE**, as outlined by the June 15, 2018 Judgment (ECF No. 360), including Special Condition of **HOME CONFINEMENT**.

**SO ORDERED**.

Dated: May 22, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge